UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES MCCORD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | Case No. 2:20-cv-3692 |
| ALPHA RECOVERY CORP., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Now comes JAMES MCCORD ("Plaintiff"), complaining as to ALPHA RECOVERY CORP., ("Defendant").

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing in or around Columbus, Ohio.

5. Defendant is a Colorado corporation registered with the Ohio Secretary of State to do business in Ohio.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Plaintiff incurred a debt of between two and three thousand dollars to an entity known as "First Credit Corp."

7. Plaintiff incurred this debt in order to pay for everyday living expenses.

8. After the debt went into default, Defendant received the account and began to attempt to collect upon it.

9. In mid-July, Plaintiff received a phone call from Defendant.

10. Defendant used the phone number 614-502-5459 to place the call.

11. Plaintiff answered the phone and spoke with Defendant's employee.

12. Defendant's employee refused to tell Plaintiff the name of Defendant.

13. Eventually, Defendant's employee hung up on Plaintiff without having ever provided Plaintiff with the name of Defendant.

14. Plaintiff called the number back and spoke with a manager.

15. Plaintiff explained that the employee he had initially spoken with had refused to provide him with the name of the company.

16. Defendant's manager indicated that Defendant trains its employees to act this way.

17. Plaintiff explained to the manager that he wished to speak with a lawyer before paying on the debt at issue.

18. The manager became irate.

19. The manager began to berate Plaintiff, making statements to the effect that Plaintiff must be the type of person who would not want to resolve his debts.

20. Plaintiff has been injured by Defendant's conduct.

21. Plaintiff was first injured by Defendant's employee declining to provide him with Defendant's name because he was unable to readily discovery what company called him.

22. The number Defendant used to call him begins with the prefix "614," which caused Plaintiff to believe that a local company had called him.

23. Plaintiff was later surprised to learn that he was called by a company in Colorado.

24. Plaintiff was further injured by the manager's conduct in berating him, as this interaction left Plaintiff with a sense of unease and uncertainty.

25. On July 20, 2020, Plaintiff retained Hilton Parker LLC to represent him.

26. On July 21, 2020, Plaintiff received a call from Defendant.

27. Defendant's employee asked Plaintiff how he intended to resolve the debt.

28. Plaintiff stated he needed to speak with his attorney first.

29. Defendant did not ask Plaintiff for the name and address of Plaintiff's attorney, which Plaintiff would have provided upon request.

30. Defendant instead continued to pressure Plaintiff into making a payment.

[ 3 ]

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff realleges the paragraphs above as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

34. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

35. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case an account used to pay for everyday living expenses.

36. Defendant violated the FDCPA in the following ways:

    a. Continuing to attempt to pressure Plaintiff into making a payment after Defendant knew or should have known that Plaintiff was represented by an attorney with respect to the debt, when Defendant could have readily ascertained the attorney's name and address by asking for it;

    b. Placing a telephone call to Plaintiff without meaningfully disclosing its identity, in violation of § 1692d generally and § 1692d(6) — especially in light of the fact that Defendant, a Colorado corporation, called from a local "614" number;

[ 4 ]

    c. Berating Plaintiff when Plaintiff indicated that he wanted to speak with an attorney, which constitutes "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

37. Plaintiff realleges the paragraphs above as though fully set forth herein.

38. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

39. Plaintiff is a "person" as defined by R.C. 1345.01(B).

40. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

41. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

42. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

43. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

44. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny

violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

45. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

   a. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

   c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

   d. Awarding Plaintiff statutory, actual, treble and/or punitive damages plus attorney fees for each and every violation of the CSPA; and

   e. Awarding Plaintiff injunctive relief pursuant to the CSPA.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  July 21, 2020

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*